**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| NEIL FREDERICK QUINLAN, SR., <br> Appellant, | DOCKET NUMBER <br> PH-1221-17-0247-W-1 |
| v. | |
| DEPARTMENT OF DEFENSE, <br> Agency. | DATE: February 2, 2024 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Neil Frederick Quinlan, Sr.</u>, New Castle, Delaware, pro se.

<u>Lida V. KiaNoury</u>, Esquire, and <u>Wayne Bober</u>, Esquire, Philadelphia, Pennsylvania, for the agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

**FINAL ORDER**

The appellant has filed a petition for review of the initial decision, which denied his request for corrective action in this individual right of action appeal.[2]

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

[2] During the pendency of this appeal, the National Defense Authorization Act for Fiscal Year 2018 (NDAA), Pub. L. No. 115-91, 131 Stat. 1283, was signed into law on December 12, 2017. Section 1097 of the NDAA amended various provisions of Title 5 of the U.S. Code. Our decision to affirm the initial decision would be the same under both pre- and post-NDAA law.

On petition for review, the appellant argues that the initial decision contains erroneous findings of material fact and that the administrative judge gave insufficient weight to his claims of reprisal. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.[3] Therefore, we DENY the petition for review. Except as expressly MODIFIED to clarify one factor of the agency's burden of proof, we AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

In finding that the agency showed by clear and convincing evidence that it would have taken the same personnel actions absent the appellant's whistleblowing, the administrative judge properly relied on the factors set forth in *Carr v. Social Security Administration*, 185 F.3d 1318, 1323 (Fed. Cir. 1999). *Quinlan v. Department of Defense*, MSPB Docket No. PH-1221-17-0247-W-1, Initial Decision (ID) at 19-24 (Jan. 18, 2018). Regarding *Carr* factor #3, the administrative judge found that the appellant had not identified any other

---

[3] The appellant includes two documents with his petition for review—an October 2008 email and a July 2008 memorandum. Petition for Review File, Tab 1 at 5-8. We find that these documents do not warrant disturbing the initial decision because the appellant has not shown that they were unavailable before the record closed despite his due diligence or that they are of sufficient weight to warrant a different outcome. *See Turner v. U.S. Postal Service*, 123 M.S.P.R. 640, ¶ 13 n.2 (2016), *aff'd per curium*, 681 F. App'x 934 (Fed. Cir. 2017); *Russo v. Veterans Administration*, 3 M.S.P.R. 345, 349 (1980); 5 C.F.R. § 1201.115(d).

similarly situated employee who was not a whistleblower, and that, in the absence of such evidence and in consideration of the strength of the other *Carr* factors, the agency met its burden. ID at 22-23. In analyzing *Carr* factor #3, however, the administrative judge appeared to place the burden of proof on the appellant rather than on the agency, where it belongs. *See Miller v. Department of Justice*, 842 F.3d 1252, 1262 (Fed. Cir. 2016). In fact, the agency did not present any specific evidence in support of *Carr* factor #3.

*Carr* does not impose an affirmative burden on the agency to produce evidence with respect to each of the *Carr* factors or to weigh them individually in the agency's favor, and the absence of any evidence relating to *Carr* factor #3 can effectively remove that factor from the analysis. *Whitmore v. Department of Labor*, 680 F.3d 1353, 1374 (Fed. Cir. 2012). However, "the Government's failure to produce evidence on this factor 'may be at the agency's peril' considering the Government's advantage in accessing this type of evidence." *Miller*, 842 F.3d at 1262 (quoting *Whitmore*, 680 F.3d at 1374). Nevertheless, we agree with the administrative judge's findings that the agency demonstrated strong evidence in support of its personnel actions and that the responsible agency official possessed no motive to retaliate. ID at 19-23. Thus, to the extent the administrative judge erred in assigning the burden of proof as to *Carr* factor #3 to the appellant, the error did not prejudice his substantive rights. *See Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984) (finding that an adjudicatory error that is not prejudicial to a party's substantive rights provides no basis for reversal of an initial decision).

The appellant asserts that the administrative judge's finding that the agency proved by clear and convincing evidence that it would have taken the personnel actions absent his whistleblowing demonstrated "bias in favor of the 'leadership team' and the status quo." Petition for Review File, Tab 1 at 4. In making a claim of bias or prejudice against an administrative judge, a party must overcome the presumption of honesty and integrity that accompanies administrative

adjudicators. *See Scoggins v. Department of the Army*, 123 M.S.P.R. 592, ¶ 19 (2016). An administrative judge's conduct during the course of a Board proceeding warrants a new adjudication only if the administrative judge's comments or actions evidence "a deep-seated favoritism or antagonism that would make fair judgment impossible." *Bieber v. Department of the Army*, 287 F.3d 1358, 1362-63 (Fed. Cir. 2002) (quoting *Liteky v. United States*, 510 U.S. 540, 555 (1994)). The appellant's bare allegation does not meet this rigorous standard. The mere fact that the administrative judge rules against a party does not establish bias. *Thompson v. Department of the Army*, 122 M.S.P.R. 372, ¶ 29 (2015) (citing *Schoenrogge v. Department of Justice*, 76 M.S.P.R. 216, 220 (1997)).

## NOTICE OF APPEAL RIGHTS[4]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

---

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you <u>only</u> if you have claimed that you

were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[5]  The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(B).

---

[5] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                    _____

                                 Gina K. Grippando
                                 Clerk of the Board

Washington, D.C.